## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAILY CALLER NEWS FOUNDATION<br>1050 17th Street, NW, Suite 900<br>Washington, DC 20036,<br><br>CAUSE OF ACTION INSTITUTE<br>1875 Eye Street, NW, Suite 800<br>Washington, DC 20006,<br><br>    Plaintiffs,<br><br>    v.<br><br>INTERNAL REVENUE SERVICE<br>1111 Constitution Avenue, NW<br>Washington, DC 20224<br><br>    Defendant. | Civil Action No.   16-2232 |

## COMPLAINT

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552

("FOIA"), seeking access to records relating to the Clinton Foundation's application for tax-

exempt status, materials relating to and submitted in support of that application, and any updates

to the application and supporting materials.  The records at issue were requested by Plaintiffs

Daily Caller News Foundation ("DCNF") and Cause of Action Institute ("CoA Institute"), and

improperly withheld by Defendant Internal Revenue Service ("IRS").

## JURISDICTION AND VENUE

2. Jurisdiction is asserted pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

3. Venue is proper pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

4.     The DCNF is a 501(c)(3) non-profit organization that provides original investigative reporting from a team of professional reporters who operate for the public benefit. Content created by DCNF is available without charge to any eligible news publisher that can provide a large audience.

5.     CoA Institute is a 501(c)(3) non-profit strategic oversight group committed to ensuring that government decision-making is open, honest, and fair.  In carrying out its mission, CoA Institute uses various investigative and legal tools to educate the public about the importance of government transparency and accountability.  It also regularly requests access under FOIA to the public records of federal agencies, entities, and offices, and disseminates its findings, analysis, and commentary to the general public.

6.     The IRS is an agency within the meaning of 5 U.S.C. § 552(f)(1).  It has possession, custody, and control of records to which the DCNF and CoA Institute seek access and which are the subject of this Complaint.

**FACTS**

A.     **The Daily Caller News Foundation's FOIA Request**

7.     By letter, dated August 23, 2016, the DCNF sent a FOIA request to the IRS seeking access to records related to the tax-exempt 501(c)(3) organization variously known as the "Bill, Hillary and Chelsea Clinton Foundation," the "William J. Clinton Presidential Foundation" and the "Clinton Foundation" (collectively referred to herein as the "Clinton Foundation").  Ex. 1.

8.     The FOIA request sought (1) Form 1023 applications and determination letters, and (2) "related memoranda, telephone messages, correspondence, including digital and U.S.

mail, and any other official documents" related to the Clinton Foundation's application for or update to its tax-exempt status. *Id.* at 1.

9.      The request also sought a public interest fee waiver and expedited processing. *Id.* at 1–2.

10.     By letter, dated September 14, 2016, the IRS assigned the request tracking number F16244-0013. Ex. 2.

11.     In and by that same letter, however, the IRS closed the FOIA request without conducting a search for responsive records on the grounds that the request sought (1) Form 1023s and determination letters, both of which are available through "routine agency procedures," and (2) additional information that "may" be protected by Section 6103 of the Internal Revenue Code. *Id.*

12.     The IRS did not contact the DCNF before closing the request, nor did it provide the DCNF with an opportunity to clarify or perfect the request, as required by IRS rules and regulations. *See* Internal Revenue Manual 11.3.13.5.5(2) ("Caseworkers must . . . notify the requester that the [imperfect] request does not meet certain requirements of the FOIA[,] that more information is needed . . . and [they] must advise the requester that he/she has 35 calendar days to perfect the request."); *see also* 26 C.F.R. § 601.702(c)(1)(i).

13.     By letter, dated September 29, 2016, the DCNF, through counsel, administratively appealed the closure of its FOIA request. Ex. 3.

14.     The appeal acknowledged that a FOIA request under Section 553(a)(3) was not necessary to access Form 1023s and determination letters and stated that those materials would be sought through the use of IRS Form 4056-A. *Id.* at 2.

15.     The appeal, however, argued that the FOIA precluded closure of the remainder of the request, that the IRS was required to search for responsive records before invoking any possible exemptions to disclosure, and that, in any event, the records in question were not protected from disclosure by Section 6103 of the Internal Revenue Code.  *Id.* at 2–4.

16.     The appeal also outlined how the IRS failed to follow its own procedures, which require the IRS to contact the requester for clarification if the agency believes the request is improper.  *Id.* at 5.

17.     By letter, dated October 14, 2016, the IRS responded to the administrative appeal by concluding that (1) the records sought are "the return information of a third party taxpayer" protected by Section 6103 of the Internal Revenue Code, (2) Section 6103 has been recognized as an Exemption 3 statute under FOIA, and (3) the IRS appeals office did not have jurisdiction over the administrative closure of the request because "the Disclosure Specialist did not specifically den[y] nor exempt[] the documents under the FOIA[.]"  Ex. 4.

18.     The IRS response to the administrative appeal also stated that because the DCNF request did not include a Form 2848 authorization for the release of protected information it did not constitute "a proper FOIA request."  *Id.* at 3.  On that basis, the IRS closed the FOIA request for a second time.  *Id.*

**B.      CoA Institute's Request for Access to Clinton Foundation Form 1023s, Determination Letters, and Updated Determination Letters**

19.     On September 28, 2016, CoA Institute filed a Form 4506-A request for a copy of all Clinton Foundation Form 1023s, determination letters, and updated determination letters.  Ex. 5.

20.     CoA Institute made this request on behalf of the DCNF as part of its representation.  *See* Ex. 3 at 2 ("On behalf of the DCNF, CoA Institute has submitted a Form

[4506-A] to the IRS Cincinnati office requesting access to all Form 1023s and determination

letters for the Clinton Foundation.").

21.     The IRS received CoA Institute's Form 4506-A on October 3, 2016.  Ex. 6.

22.     To date, the IRS has not provided a response to the Form 4506-A submitted by

CoA Institute on behalf of the DCNF, nor has it produced any of the requested records.

## COUNT 1
### Violation of FOIA – Refusal to Accept Valid Request

23.     Plaintiffs repeat all of the above paragraphs.

24.     The FOIA requires agencies to accept and process a request for access to agency

records that (1) "reasonably describes such records," and (2) "is made in accordance with

published rules stating the time, place, fees, . . . and procedures to be followed[.]"  5 U.S.C.

§ 552(a)(3)(A).

25.     The FOIA also requires agencies to respond to requests within twenty (20)

business days or, in "unusual circumstances," within thirty (30) business days.  *Id*.

§ 552(a)(6)(A)–(B).

26.     The DCNF's August 23, 2016 FOIA request complies with all applicable

statutory and regulatory requirements.

27.     The IRS violated the FOIA by closing the DCNF's August 23, 2016 FOIA request

without conducting a search for responsive records.

28.     The basis of the closure—that the DCNF was required to submit a Form 2848

authorizing access to information that may be protected by Section 6103 of the Internal Revenue

Code before the agency would conduct a search—is not supported by the FOIA because it

"renders it impossible for a requesting party to ascertain whether [the IRS] has properly withheld

the records, and nullifies the agency's burden of demonstrating that it correctly invoked the

exemptions." *Gonzales & Gonzales Bonds & Ins. Agency Inc. v. Dep't of Homeland Sec.*, 913 F.

Supp. 2d 865, 876 (N.D. Cal. 2012).

29.     In addition, the mere existence of records that "may" be protected by Section

6103 is not a basis upon which to refuse a search or to acknowledge that such records exist.

*Cause of Action v. Treasury Inspector Gen. for Tax Admin.*, 70 F. Supp. 3d 45 (D.D.C. 2014).

30.     The DCNF has fully exhausted its administrative remedies under 5 U.S.C.

§ 552(a)(6)(C).

## COUNT 2
### Violation of FOIA – Failure to Publically Disclose Final Opinion

31.     Plaintiffs repeat all of the above paragraphs.

32.     The proactive disclosure provision of the FOIA require agencies, "in accordance

with published rules," to make available for public inspection, *inter alia*, all "final opinions,

including concurring and dissenting opinions, as well as orders, made in the adjudication of

cases[.]"  5 U.S.C. § 552(a)(2)(A).

33.     The phrase "final opinions . . . made in the adjudication of cases" refers "to

explanations of decisions in proceedings . . . in which a party has a right to set the agency

decision-making process in motion and obtain a determination concerning the statute or other

laws the agency is charged with interpreting and administering."  *Skelton v. U.S. Postal Serv.*,

678 F.2d 35, 41 (5th Cir. 1982).

34.     A final opinion also "explains the reasons for [a] 'final disposition[.]'"  *Nat'l*

*Labor Relations Bd. v. Sears, Roebuck & Co.*, 421 U.S. 132, 159 (1975).

35.     An adjudication is the "agency process for the formulation of an order[.]"  5

U.S.C. § 551(7).

36.     An order is "the whole or a part of a final disposition, whether affirmative,

negative, injunctive, or declaratory in form, of an agency in a matter other than rule making[.]"

*Id*. § 551(6).

37.     A corporation that is organized and operated, in relevant part, for exclusively

charitable purposes is entitled to exemption from federal taxation, 26 U.S.C. § 501(c)(3), and has

a right to apply to the IRS for formal recognition of tax-exempt status.  *See* 26 C.F.R. § 601.201;

*id.* § 1.501(c)(3)-1.

38.     The IRS process for the formulation of an order in response to such an application

for recognition of tax-exempt status is an adjudication.

39.     An IRS determination letter, or updated determination letter, is an order, as it is a

final disposition of a request for recognition of tax-exempt status, or updated tax-exempt status,

in an affirmative or negative declaratory form.

40.     An IRS determination letter also is an opinion, as it explains the reasons for the

final disposition of the application for recognition of tax-exempt status or updated tax-exempt

status.

41.     IRS determination letters and updated determination letters accordingly must be

disclosed pursuant to 5 U.S.C. § 552(a)(2)(A).

42.     The published rules providing for public inspection of Form 1023 applications for

recognition of tax-exempt status, determination letters, and updated determination letters are set

out in the Internal Revenue Code and accompanying regulations.  *See* 26 U.S.C. § 6104; 26

C.F.R. § 601.702(d).

43.     The IRS has provided that the procedure for requesting access to these records is

filing a Form 4506-A.  26 C.F.R. § 601.702(d)(4).

44.     CoA Institute properly sought access to an IRS final opinion or order in the

adjudication of the Clinton Foundation's request for recognition of tax-exempt status and any

adjudication of a request for recognition of updated tax-exempt status by filing a Form 4506-A

on September 28, 2016.  Ex. 5

45.     The FOIA requires that an agency provide a final determination on any request

for public disclosure under Section 552(a)(2) within twenty (20) business days, 5 U.S.C.

§ 552(a)(6)(A), or, in "unusual circumstances," within thirty (30) business days.  *Id.*

§ 552(a)(6)(A)–(B).

46.     It has been more than twenty (20) business days since the IRS received CoA

Institute's completed Form 4506-A, yet the IRS has failed to provide a final response or produce

the requested documents.

47.     The judicial review provisions of the FOIA extend to agency compliance with the

proactive disclosure provisions of 5 U.S.C. § 552(a)(2)(A).  5 U.S.C. § 552(a)(4)(B); *see also*

*Kennecott Utah Copper Corp. v. Dep't of Interior*, 88 F.3d 1191, 1202 (D.C. Cir. 1996) (noting

that 5 U.S.C. § 552(a)(4) "governs judicial review" of paragraphs (a)(1), (2), and (3) of FOIA).

48.     CoA Institute has fully exhausted its administrative remedies under 5 U.S.C.

§ 552(a)(6)(C).

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request and pray that this Court:

a.     order the IRS to accept the DCNF's August 23, 2016 FOIA request, conduct a

search for responsive records, and issue a final determination within twenty (20)

business days of the date of the Order;

b.     order the IRS to produce all records responsive to the DCNF's August 23, 2016

FOIA request promptly after issuing its final determination;

c. order the IRS to respond to CoA Institute's Form 4506-A and promptly produce

all Form 1023s, determination letters, and updated determination letters for the

Clinton Foundation;

d. award Plaintiffs their costs and reasonable attorney fees incurred in this action

pursuant to 5 U.S.C. § 552(a)(4)(E); and

e. grant such other relief as the Court may deem just and proper.

Date: November 10, 2016      Respectfully submitted,

*/s/ R. James Valvo, III*
R. James Valvo, III
D.C. Bar. No. 1017390
james.valvo@causeofaction.org
Lee A. Steven
D.C. Bar No. 468543
lee.steven@causeofaction.org

CAUSE OF ACTION INSTITUTE
1875 Eye St., NW, Suite 800
Washington, DC 20006
Telephone: (202) 499-4232
Facsimile: (202) 330-5842

*Counsel for Plaintiffs*